ON APPELLANT’S MOTION FOR RELIEF CONCERNING THE RECORD

PER CURIAM.
Rene B. Parmet appeals an adverse final order of the Judge of Compensation Claims (“JCC”). Her request to be relieved from the costs of preparation of the record on appeal was evidently denied, and the JCC then issued a notice in accordance with Florida Rule of Appellate Procedure 9.180(f)(5)(A), informing appellant of the *285 estimated cost of preparing a record containing the materials ordinarily called for by rule 9.180(f)(1). Parmet then filed a designation seeking to exclude all portions of the record with the exception of five specifically identified items she deemed necessary to address the issues she intends to raise on appeal. In turn, appel-lees filed a designation directing the inclusion of additional materials, and the JCC thereafter issued an amended cost estimate and directed appellant to deposit the estimated record costs as required by rule 9.180(f)(5)(B).
Appellant now moves this court for relief concerning the record, noting that inclusion of the materials designated by appel-lees has increased the cost of the record to the point that the amended cost estimate approximates the original estimate. As relief, appellant requests an order directing the JCC to transmit only the portions of the record designated by her, or alternatively, directing the issuance of separate estimates allocating costs based upon the respective designations of the parties. We conclude that rule 9.180 affords no basis for granting the relief sought by appellant, and that under the rule she bears the cost of preparing the record.[1] We therefore deny appellant’s motion.
In ordinary cases governed solely by Florida Rule of Appellate Procedure 9.200, provision is made for at least a partial allocation of the costs associated with the preparation of the record. See Fla. R.App. P. 9.200(b)(1) (cost of transcripts designated as necessary for inclusion in the record shall be borne initially by the designating party). In contrast, rule 9.180(f)(5)(A) provides only that “[w]ithin 5 days after the contents of the record have been determined under these rules, the lower tribunal shall notify the appellant of the estimated cost of preparing the record” (emphasis added). Once that is accomplished, rule 9.180(f)(5)(B) rather unambiguously dictates that “the appellant shall deposit a sum of money equal to the estimated costs with the lower tribunal” (emphasis added). é These express provisions of the rule governing appeals in workers’ compensation cases compel the conclusion that the cost of preparing the record in this appeal must be borne initially by appellant. Of course, if appellant prevails, her expenditures in this regard will be subject to taxation pursuant to rules 9.180(i)(l) and 9.400(a).
Accordingly, we deny the motion seeking relief concerning the record and direct appellant to deposit the estimated costs of the record as set forth in the JCC’s amended notice within 15 days, failing which the appeal will be subject to dismissal. See Fla. RApp. P. 9.180(f)(6)(C). In light of the foregoing, we discharge our order to show cause concerning the absence of a record and deny appellees’ motion requesting that the appeal be dismissed based on appellant’s failure to deposit the estimated cost of the record.
BOOTH, WOLF and LEWIS, JJ., concur.

. Florida Rule of Appellate Procedure 9.180(f)(5)(D) does provide for assessing costs against the "appropriate party” when additional expense is incurred in correcting, amending, or supplementing the record, but that rule is not applicable to the situation now before us.